Robert D. Mitchell, 011922
Christopher J. Waznik, 032812
Zachary R. Cormier, 034594

**TIFFANY & BOSCO** P.A.

Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone (602) 255-6000
Fax (602) 255-0103
E-mails: rdm@tblaw.com;
cjw@tblaw.com; zrc@tblaw.com
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities Exchange Commission;<br><br>                          Plaintiff,<br><br>v.<br><br>Jason P. Wootten; Ronald Frank Stevenson, Family Tree Estate Planning, LLC; and American Financial Security, LLC,<br><br>                          Defendants. | Case No. CV-21-00482-GMS<br><br>**ANSWER** |

Defendants Jason P. Wootten ("Mr. Wootten"), Ronald Frank Stevenson (Mr. Stevenson"), Family Tree Estate Planning, LLC ("Family Tree"), and American Financial Security ("AFS") (collectively "Defendants") hereby answer Plaintiff's Complaint for Injunctive and Other Relief with Demand for Jury Trial that was filed on March 22, 2021 ("Complaint") and admit, deny, and otherwise allege as follows:

1

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendants deny said paragraph.

2. Answering paragraph 2 of the Complaint, Defendants deny said paragraph.

3. Answering paragraph 3 of the Complaint, Defendants admit they were not registered as broker-dealers with the Commission or associated with a registered broker-dealer, but Defendants deny any implication that such registration was required.

4. Answering paragraph 4 of the Complaint, Defendants deny that they engaged in any conduct that violates Section 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), [15 U.S.C. §§ 7e(a) and 77e(c)], and Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), [15 U.S.C. § 780(a)(1)] and deny any liability thereunder.

## DEFENDANTS

5. Answering paragraph 5 of the Complaint, Mr. Wootten admits he is a resident of Scottsdale, Arizona and that during the relevant period, Mr. Wootten operated and controlled Family Tree. Mr. Wootten further admits that he is not currently registered with the Commission or the Financial Industry Regulatory Authority ("FINRA"), nor was he during the time period relevant to the alleged allegations contained herein, but denies any implication that such registration was required.

6. Answering paragraph 6 of the Complaint, Mr. Stevenson admits he is a resident of Prescott, Arizona and that during the relevant period, Mr. Stevenson operated and controlled AFS. Mr. Stevenson further admits that he is not currently registered with the Commission or the Financial Industry Regulatory Authority ("FINRA"), nor was he during the time period relevant to the alleged allegations contained herein, but denies any implication that such registration was required. Mr. Stevenson also admits that he is also the owner of American Financial Investments, LLC ("AFI"), an investment adviser registered within the state of Arizona.

7. Answering paragraph 7 of the Complaint, Family Tree admits it is an Arizona limited liability company located in Phoenix, Arizona and that during the relevant period, Mr. Wootten owned and controlled Family Tree, but denies that he treated it as his alter ego. Family Tree further admits that it has never been registered with the Commission, FINRA, or any state securities regulatory authority, but denies any implication that such registration was required.

8. Answering paragraph 8 of the Complaint, AFS admits that it is as Arizona limited liability company located in Prescott, Arizona and that during the relevant period, Mr. Stevenson owned and controlled AFS, but denies that he treated it as his alter ego. AFS further admits that it has never been registered with the Commission, FINRA, or any state securities regulatory authority, but denies any implication that such registration was required.

## JURISDICTION

9. Answering paragraph 9 of the Complaint, Defendants admit this Court has jurisdiction over this action pursuant to Sections 20(b), 20(d) and 22(a) of the Securities Act [15 U.S.C. § 77t(b), 77t(d) and 77v(a)]; and Sections 21(d), 21(e) and 27(a) of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e) and 78aa(a)].

10. Answering paragraph 10 of the Complaint, Defendants admit this Court has personal jurisdiction over the Defendants and venue is proper in the District of Arizona because Defendants transacted business in this District relating to the sale of the EquiAlt Funds. The Individual Defendants also reside within the District.

11. Answering paragraph 11 of the Complaint, Defendants deny said paragraph.

## FACTUAL ALLEGATIONS

12. Answering paragraph 12 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

A.     **The EquiAlt Ponzi Scheme and Other Fraudulent Conduct**

13.    Answering paragraph 13 of the Complaint, Defendants admit that the private placement memoranda ("PPMs") and the Summary of Terms from EquiAlt, which speak for themselves, stated that investors would receive 8% to 10% return on their principal, but denies the remainder of said paragraph.

14.    Answering paragraph 14 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

15.    Answering paragraph 15 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

B.     **EquiAlt Funds and Material Misrepresentations to Investors**

16.    Answering paragraph 16 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

17.    Answering paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

C.     **Defendants Offered and Sold EquiAlt Securities**

18.    Answering paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

a.     **Wootten's Unregistered Offering of EquiAlt Securities**

19.    Answering paragraph 19 of the Complaint, Wootten admits he first met Barry Rybicki in 2016 and that Family Tree entered into an agreement with BR Support Services, LLC to present an opportunity to invest in debentures issued by companies associated with Equialt, LLC ("Equialt Debentures") to one or more clients. Defendants deny the remainder of said paragraph.

20.    Answering paragraph 20 of the Complaint, Defendants deny said paragraph.

21.    Answering paragraph 21 of the Complaint, Defendants deny said paragraph.

22.    Answering paragraph 22 of the Complaint, Defendants deny said paragraph.

23. Answering paragraph 23 of the Complaint, Defendants deny said paragraph.

### b. Stevenson's Unregistered Offering of EquiAlt Securities

24. Answering paragraph 24 of the Complaint, Defendants deny said paragraph.

25. Answering paragraph 25 of the Complaint, Defendants deny said paragraph.

26. Answering paragraph 26 of the Complaint, Defendants deny said paragraph.

27. Answering paragraph 27 of the Complaint, Defendants deny said paragraph.

28. Answering paragraph 28 of the Complaint, Defendants deny said paragraph.

29. Answering paragraph 29 of the Complaint, Defendants admit that they were not registered with the Commission, FINRA, or any state securities regulatory authority, but deny any implication that such registration was required. Defendants deny the remainder of said paragraph.

## CLAIMS FOR RELIEF

## COUNT I

### Alleged Violations of Sections 5(a) and 5(c) of the Securities Act

30. Answering paragraph 30 of the Complaint, said paragraph does not contain facts to which Defendants need to respond, but should a response be required, Defendants deny said paragraph.

31. Answering paragraph 31 of the Complaint, Defendants lack sufficient knowledge or information to answer this paragraph, and therefore denies the same.

32. Answering paragraph 32 of the Complaint, Defendants admit that they were not registered with the Commission, FINRA, or any state securities regulatory authority, but deny any implication that such registration was required.

33. Answering paragraph 33 of the Complaint, Defendants deny that they engaged in any conduct that violates Section 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 7e(a) and 77e(c)].

## COUNT II

### Alleged Violations of Section 15(a)(1) of the Exchange Act

34. Answering paragraph 34 of the Complaint, said paragraph does not contain facts to which Defendants need to respond, but should a response be required, Defendants deny said paragraph.

35. Answering paragraph 35 of the Complaint, Defendants deny said paragraph.

36. Answering paragraph 36 of the Complaint, Defendants deny that they engaged in any conduct that violates Section 15(a)(1) of the Exchange Act [15 U.S.C. § 780(a)(1)].

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted, and this matter should be dismissed in its entirety with prejudice.

2. The EquiAlt Debentures are exempt or except from the registration provisions of the Securities Act.

3. The claims alleged in the Complaint are barred by the doctrines of waiver, estoppel, laches, unclean hands, contributory negligence, and/or assumption of risk.

4. Defendants did not knowingly or recklessly commit a violation of the securities laws and did not otherwise act with any requisite scienter.

5. Defendants did not know, and in the exercise of reasonable care could not have known, of any alleged untrue statements or material omissions alleged in the Complaint.

6. Defendants acted in good faith and did not directly or indirectly induce the acts underlying the action.

7. Lack of causation and lack of damages as Defendants caused no damages to investors, and investors suffered no injuries or damages as a result of Defendants' acts.

8. Investors and Defendants relied on other culpable parties in connection with the matters at issue in the Complaint, including but not limited to, EquiAlt and/or EquiAlt's principals.

9. Investors' damages, if any, were caused by the acts of others, intervening, superseding or otherwise, including but not limited to the acts of EquiAlt and/or EquiAlt's principals, over whom Defendants have no control, and for whose acts Defendants are not legally answerable.

10. The claims in the Complaint are barred, in whole or in part, because of payment, accord, satisfaction, and/or offset.

11. Further investigation and discovery in this matter may reveal the existence of additional affirmative defenses, and therefore Defendants reserve as possible affirmative defenses all those remaining in the Federal Rules of Civil Procedure, including equitable defenses existing at law, and Defendants reserve the right to amend this Answer to assert additional affirmative defenses after completion of investigation and discovery.

WHEREFORE, having fully answered the Complaint, there is no basis for the imposition of liability of any kind or nature, there should be no order of any kind or nature against Defendants, all requested relief should be denied, the action should be dismissed with prejudice in its entirety, and Defendants should be awarded any other relief deemed just and proper under the circumstances.

Respectfully submitted this 24th day of May, 2021.

TIFFANY & BOSCO, P.A.

By_____
Robert D. Mitchell, 011922
Christopher J. Waznik, 032812
Zachary R. Cormier, 034594
Camelback Esplanade II, Seventh Floor
2525 East Camelback Road
Phoenix, Arizona 85016
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify and declare under penalty of perjury that on May 24, 2021 I electronically filed the foregoing with the Clerk of Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all parties of record.

*/s/ Kaleigh Stilchen*
_____