# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Jason P Wootten, et al.,<br><br>    Defendants. | No. CV-21-00482-PHX-GMS<br><br>**FINAL JUDGMENT AS TO DEFENDANTS RONALD FRANK STEVENSON AND AMERICAN FINANCIAL SECURITY, LLC** |

Before the Court is Plaintiff's Unopposed Motion for Entry of Final Judgments (Doc. 30). Good cause appearing,

**IT IS ORDERED** granting Plaintiff's Unopposed Motion for Entry of Final Judgment as to Defendants Ronald Frank Stevenson and American Financial Security, LLC (Doc. 30) as follows:

The Securities and Exchange Commission having filed a Complaint and Defendants Ronald Frank Stevenson ("Stevenson") and American Financial Securities, LLC ("AFS") (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

# I.

# **PERMANENT INJUNCTIVE RELIEF**

## A.

### Section 5 of the Securities Act of 1933 ("Securities Act")

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**B.**

**Section 15(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act")**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by making use of any means or instrumentality of interstate commerce or of the mails and engaging in the business of effecting transactions in securities for the accounts of others, or inducing or effecting the purchase and sale of securities, while not registered with the Commission in accordance with the provisions of Section 15(b) of the Exchange Act, or while not associated with a broker-dealer that was so registered.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

**DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTY**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants are liable, jointly and severally, for disgorgement of $520,657, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $59,242 and/or a civil penalty in the amount of $125,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Defendants shall satisfy this obligation by paying $704,899 to the Court-appointed Receiver, Burton Wiand, within 30 days after entry of this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission or the Receiver may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil

penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.
### INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### IV.
### BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### V.
### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VI.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Summary Judgment (Doc. 25) as moot.

Dated this 4th day of January, 2023.

_____
G. Murray Snow
Chief United States District Judge